USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: FEB 18 2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　　　Plaintiff,<br>　　v.<br><br>SEPEHR SARSHAR,<br><br>　　　　　　Defendant. | Case No. 20 Civ. 6865 (GBD) |

## STIPULATED PROTECTIVE ORDER

And now, this 17th day of February, 2021, upon consideration of the agreement of counsel for Plaintiff Securities and Exchange Commission ("SEC") and counsel for Defendant Sepehr Sarshar ("Defendant") for a protective order, the Court has weighed the interest in protecting personal identifying information and financial information within documents and other materials that may be produced in this case, the rights of Defendant in obtaining and using documents and other materials in defense of this matter, and finds good cause for the following:

IT IS ORDERED AND DECREED that the Stipulated Protective Order is GRANTED.

IT IS FURTHER ORDERED AND DECREED that any and all documents and other materials produced by or to the SEC and by or to Defendant in the litigation of the above-captioned matter are subject to this Stipulated Protective Order ("Order"), and shall be Protected Materials. The SEC and Defendant shall place the designation "Subject to Protective Order" on any documents or other materials produced in the litigation of the above-captioned matter.

IT IS FURTHER ORDERED AND DECREED that the parties may make use of the Protected Materials only in the litigation of the above-captioned matter, or any related administrative or criminal proceeding, as is necessary to conduct discovery and prepare for trial or appellate proceedings, and for use at trial (including such trial-related proceedings as hearings and motions) or appellate proceedings, including the disclosure of the Protected Materials to persons assisting the parties' counsel in preparing for any litigation.  The parties agree that they will comply with the redaction requirements of Federal Rule of Civil Procedure 5.2, Rule 6.1 of the Electronic Case Filing Rules & Instructions of the United States District Court for the Southern District of New York, or any other applicable redaction rule.  The parties, their counsel, or any other person to whom disclosure is made of Protected Materials pursuant to this paragraph may not use the Protected Materials for any purpose other than the above-described litigation purposes, and may not disclose or display the Protected Materials or information contained in the Protected Materials except as required for the above-described litigation purposes.

IT IS FURTHER ORDERED AND DECREED that the parties shall provide a copy of this Order to every person to whom the Protected Materials are disclosed, and shall advise such person that disclosure or display of the Protected Materials or information contained in the Protected Materials for any reason than the above-described litigation purposes will be a violation of the Court's Order, which may result in penalties including contempt of court.

IT IS FURTHER ORDERED AND DECREED that this Order shall not be construed to result in waiver of the rights of the parties to assert any objection heretofore or hereafter raised, including but not limited to, defenses or objections with respect to the admissibility, discoverability, relevance, or use of any documents or materials or their contents.

This Order shall not be construed to affect in any way the admissibility or use of any document, testimony, or other information at trial or a pre-trial hearing.

IT IS FURTHER ORDERED AND DECREED that, notwithstanding any other provision of this Order, the SEC shall not be limited in its ability to share, disclose, or produce any information received in connection with this action with any other federal or state authority, agency, or department.

IT IS FURTHER ORDERED AND DECREED that nothing in this Order shall preclude any party from asserting the attorney-client, work product, or any other applicable privilege as to any document or information. The inadvertent or unintentional disclosure by the parties of any privileged material, regardless of whether the material was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of privilege. The parties expressly agree that Federal Rule of Civil Procedure 26(b)(5)(B) and Federal Rule of Evidence 502 govern the matters to which they are directed. Nothing herein shall prevent the parties from challenging the privileged status of any inadvertently or unintentionally produced documents.

BY THE COURT: FEB 1 8 2021

_____
HONORABLE GEORGE B. DANIELS
UNITED STATES DISTRICT JUDGE